IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WOLFBLOCK LLP | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| FEDERAL INSURANCE COMPANY, | ) <br> ) |
| Defendant. | ) <br> ) <br> ) <br> ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant Federal Insurance Company ("Federal"), by its undersigned attorneys, files the following Notice of Removal of the above-captioned action from the Court of Common Pleas of Philadelphia County, Pennsylvania, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania. Removal is based on the following:

1. On October 22, 2013, the Plaintiff filed a Complaint for Declaratory Judgment and Breach of Contract against Federal with the Clerk of the Court of Common Pleas of Philadelphia County, Pennsylvania, which is docketed in the Court of Common Pleas of Philadelphia County, Pennsylvania at June Term, 2013, Case No. 02528 (the "Action"). Federal received a copy of the Complaint on October 23, 2013. Copies of all process and pleadings served on Federal are attached hereto as Exhibit "A".

2. Plaintiff's claim arises from an Executive Protection Portfolio Policy, Policy No. 8153-1325 (the "Policy"), that Federal issued to Plaintiff WolfBlock LLP. (Compl. ¶ 6).

3. Plaintiff is asserting coverage under the Policy for an action commenced in the Court of Common Pleas of Philadelphia County, Pennsylvania on or about March 2, 2010 by Michael A. Budin ("Mr. Budin") against WolfBlock and Mark L. Alderman that is docketed at March Term 2010, No. 00419 (the "Underlying Action"). (Compl. ¶ 14).

4. WolfBlock LLP is a Pennsylvania limited liability partnership in dissolution ("WolfBlock"), with no current partners, with its principal place of business located at 1650 Arch Street, Philadelphia, Pennsylvania. (Compl. ¶ 1). WolfBlock is a resident of Pennsylvania. (Compl. ¶¶ 4 and 5).

5. Federal is an Indiana corporation. (Compl. ¶ 2). Federal's principal place of business is in New Jersey.

6. Pursuant to 28 U.S.C. § 1332(c)(1), Plaintiff is a citizen of Pennsylvania and Defendant is a citizen of Indiana and New Jersey. As a result, complete diversity exists.

7. Additionally, the amount in controversy in this Action exceeds $75,000, exclusive of interest and costs. In the Complaint filed in this Action, Plaintiff alleges that compensatory damages are in excess of $50,000. (Compl. at Wherefore clause Count II). Plaintiff also seeks "pre-judgment statutory interest, costs and such other relief as the Court deems appropriate and just." (Id.). In the Complaint, Plaintiff seeks, *inter alia*, coverage for the costs of defense of and any loss arising out of the Underlying Action (Compl. ¶ 56). Thus, Plaintiff requests a declaration that Federal is obligated to provide coverage up to the limits of the Policy. (Compl. at Wherefore clause Count I). The Limits of Liability of the Fiduciary Liability Coverage Section of the Policy are $5,000,000. (Compl. ¶ 1). Plaintiff asserts that the Separation Agreement between Mr. Budin and Plaintiff entitled Mr. Budin to $26,646 per year for fifteen (15) years, commencing in 2003. (Compl. ¶19). Plaintiff further asserts that Plaintiff stopped making payments to Mr. Budin in 2010. (Compl. ¶ 25). Thus, Mr. Budin asserts additional

payments to him by Plaintiff of at least $213,168. (Compl. at Exhibit 2, page 7). Plaintiff also alleges that it has incurred "significant" defense costs to defend the Underlying Action. (Compl. ¶ 50). Ms. French has advised the undersigned counsel that Plaintiff has incurred defense costs relative to the Underlying Action to date of approximately $300,000. Based on the foregoing, the amount in controversy in this Action exceeds $75,000, exclusive of interest and costs.

8. Accordingly, as reflected by the facts stated above, this Action is one in which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and this action is between citizens of different states.

9. This Notice of Removal has been filed within the time prescribed by 28 U.S.C. § 1446(b).

10. As required by 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal will be given to Plaintiff, via its counsel, and a copy of this Notice will be filed with the Clerk of the Court of Common Pleas of Philadelphia County, Pennsylvania at June Term, 2013, Case No. 02528.

WHEREFORE, without waiving any defenses under federal or state law, rules and/or procedures, including without limitation those defenses set forth in Fed.R.Civ. P. 12(b), Defendant Federal Insurance Company hereby removes this Action to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Dated: November 15, 2013

By: */s/ James R. Hankle*
James R. Hankle
PA I.D. No. 36019
Stanley J. Lehman (pending admission *pro hac vice*)
(PA I.D. No. 31455)

Karen Y. Bonvalot (pending admission *pro hac vice*)
(PA I.D. No. 70575)

SHERRARD, GERMAN & KELLY, P.C.
28th Floor, Two PNC Plaza
Pittsburgh, PA  15222
(412) 355-0200

Attorneys for Defendant, Federal Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served upon the following by first-class mail, postage prepaid this 15th day of November 2013 addressed as follows:

Jodi L. Murland, Esquire
1650 Arch Street, 19th Floor
Philadelphia, PA 19103-2097

Attorney for Plaintiff, WolfBlock LLP

By: _/s/ James R. Hankle_

{S0557525.1}