## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WOLFBLOCK LLP** : | |
| : | **CIVIL ACTION** |
| v. : | |
| : | **NO. 13-6676** |
| **FEDERAL INSURANCE COMPANY** : | |

**GOLDBERG, J.**                                                                                                  June 18, 2014

### MEMORANDUM OPINION

Plaintiff, Wolf Block, LLP ("Wolf Block"), initially filed this action in the Court of Common Pleas of Philadelphia County seeking a declaratory judgment that Defendant, Federal Insurance Company ("Federal"), is responsible, pursuant to a fiduciary insurance policy, for costs arising out of a particular lawsuit in which Wolf Block is the defendant. Federal subsequently removed the case to this Court.

Presently before me is Wolf Block's motion for remand, which asserts that Federal's removal was improper because the parties lack the necessary diversity, as required by 28 U.S.C. § 1332(a). Federal disagrees and contends that at all relevant times, all parties were diverse. Upon consideration of the parties' submissions, I conclude that Federal has failed to meet its burden of establishing jurisdiction based upon the diversity of the parties. Consequently, Wolf

Block's motion will be granted and the case will be remanded to the Court of Common Pleas of Philadelphia County.[1]

## I.   FACTUAL AND PROCEDURAL HISTORY[2]

Defendant Federal is an Indiana corporation with a New Jersey principal place of business. (Notice of Removal ¶ 5.) Plaintiff, the law firm Wolf Block, is a Pennsylvania limited liability partnership, currently in dissolution, having had a Pennsylvania principal place of business. (Id. at ¶ 4.) At the time of the dissolution, Wolf Block's partners were residents of various states, including New Jersey. (French Decl. ¶ 7.)

In early 2003, and prior to the Wolf Block dissolution, Michael Budin, an equity partner, decided to leave the firm. On May 11, 2003, as part of the departure, Wolf Block and Budin entered into an agreement which provided that Budin would receive fifteen annual severance payments. On October 27, 2008, Federal issued a fiduciary liability insurance policy to Wolf Block with a policy period of November 1, 2008 to February 9, 2010 ("the Policy"). (Compl. ¶¶ 6, 15, 19.)

On March 23, 2009, Wolf Block's partners voted to place the firm in dissolution. At the time of the vote, they appointed a committee of three partners to oversee the winding-down of the firm's affairs and to eventually terminate its existence.[3] (Id. at ¶ 23.) Shortly after the dissolution vote, Budin contacted Wolf Block to obtain assurances that he would still receive his

---

[1]  Also pending in this case is Federal's motion to dismiss. (Doc. No. 3.) Because I lack jurisdiction, I may not rule on this motion. See In re Orthopedic "Bone Screw" Prods. Liability Litig., 132 F.3d 152, 155 (3d Cir. 1997) ("If a court [ ] determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits. It has no authority to do so.").

[2] The facts that follow are undisputed, unless otherwise noted.

[3] Presently, Wolf Block is still winding-down its affairs.

severance payments.  On April 14, 2009, and several times thereafter, Wolf Block explained to Budin that he would not receive any additional payments until all third party creditors had been paid.  Wolf Block claims to have notified Federal of Budin's potential breach of contract claim by a letter dated June 2, 2009, as well as on various subsequent occasions.  (Id. at ¶¶ 24, 27.)

On February 28, 2010, Wolf Block did not pay Budin his yearly severance payment.  As a result, on March 2, 2010, Budin filed a complaint for, inter alia, breach of contract in the Court of Common Pleas of Philadelphia County.  Wolf Block sought coverage from Federal under the insurance policy for Budin's suit; however, Federal denied coverage.  (Id. at ¶¶ 25, 31, 36, 38.)

On October 22, 2013, Wolf Block filed a complaint against Federal, also in the Court of Common Pleas of Philadelphia County, alleging breach of contract and seeking a declaration that Federal owed a duty to provide coverage under the insurance policy for the costs and any losses associated with Budin's lawsuit.  On November 18, 2013, Federal filed a notice of removal, seeking to remove the action to this Court based on diversity of citizenship.  Wolf Block filed the present motion for remand on December 18, 2013.  The motions are now fully briefed and ready for disposition.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant [to the appropriate district court]."  When an action is removed based on the diversity of the parties' citizenships, district courts have jurisdiction if the amount in controversy exceeds $75,000 and the parties are citizens of different states.[4]  28 U.S.C. § 1332(a)(1).  The propriety of the district court's jurisdiction is analyzed as of the time the case was filed in state court.  Erie

---

[4] Neither party contends that the amount in controversy is below the statutory minimum.  Thus, this issue will not be addressed further.

3

Ins. Exch. v. Erie Indem. Co., 722 F.3d 154, 158 n. 3 (3d Cir. 2013) (citing Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1349 (2013)).  Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."  Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

Once a defendant has filed a notice of removal, the plaintiff may move to remand the case within thirty days if the removal was allegedly defective.  28 U.S.C. § 1447(c).  At that point, it is the defendant who bears the burden of establishing the existence of federal jurisdiction.  Batoff, 977 F.2d at 851.

Because a partnership—including a limited liability partnership—is not considered a citizen for jurisdictional purposes, courts look to the citizenship of all of its partners when determining whether there is diversity.  Mierzwa v. Safe & Secure Self Storage, LLC, 493 Fed. Appx. 273, 276 n.5 (3d Cir. 2012) (citing Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010); Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 185 (3d Cir. 2008)).  Thus, in order for jurisdiction to lie in this Court when a partnership is a party, the opposing party must be diverse from every one of the partners.  See Swiger, 540 F.3d at 182-85.

### III.   DISCUSSION

#### A.   The Citizenship of Partnerships in Dissolution

Wolf Block contends that for the purposes of jurisdiction, many of its partners are citizens of New Jersey.  Because Federal has a New Jersey principal place of business, Wolf Block asserts that Federal erroneously alleged that complete diversity existed.  Federal responds that Wolf Block had no partners when it filed this action, and thus, the state of partnership or principal place of business should control.

I must first determine whether a partnership in dissolution has partners. After a partnership is dissolved, it "is not terminated but continues to exist until the winding up of partnership affairs is completed, and the authority remains to act for the partnership in winding up partnership affairs and completing transactions begun but not yet finished at the time of dissolution." N. Star Coal Co. v. Eddy, 277 A.2d 154, 156 (Pa. 1971) (citing Uniform Partnership Act, 15 Pa. C.S. §§ 8352, 8355). In Schiavone Construction Co. v. City of New York, 99 F.3d 546 (2d Cir. 1996), the United States Court of Appeals for the Second Circuit concluded that "[b]ecause the partnership continues until its affairs have been wound up . . . individuals who are partners at the time of dissolution remain partners with respect to pre-existing matters until they have been wound up." 99 F.3d at 549.[5] As a result, while the dissolution may affect future transactions, the partnership continues legally until all pre-dissolution transactions are terminated. Id.; N. Star Coal Co., 277 A.2d at 156. In this case, it is undisputed that at the time of dissolution, Wolf Block had many partners that were citizens of New Jersey.

Thus, the key question is whether the underlying dispute is a "pre-existing matter," as described in Schiavone. In other words, we must determine whether the transaction underlying the current action existed before Wolf Block entered dissolution. If the transaction is a pre-existing matter, then there is no diversity, as both Federal and some of Wolf Block's partners at the time of dissolution were New Jersey citizens. Wolf Block contends that because Budin's claim for severance payments arose from a 2003 agreement and the insurance policy with

---

[5] While Schiavone was decided under New Jersey law, at the time of the decision New Jersey was governed by the same version of the Uniform Partnership Act as has been adopted by Pennsylvania. Compare N.J. Stat. Ann. §42:1A-1, et seq. (1993) with 15 Pa. C.S. §§ 8301, et seq. Federal does not argue that Schiavone should not apply in this case and, in fact, relies on it. I find the reasoning of Schiavone to be especially persuasive in that it also involved the question of who the partners were in a partnership in dissolution. See Schiavone, 99 F.3d at 549-50.

Federal was in place prior to the dissolution, the matter is pre-dissolution, and properly subject to the wind-down of the partnership's affairs. Federal disagrees and argues that because Wolf Block's decision not to pay Budin and Budin's lawsuit occurred after its decision to dissolve the firm, the entire transaction is properly defined as post-dissolution and the citizenship of Wolf Block's partners at the time of dissolution is of no import.

The parties have provided little guidance regarding when the relevant transaction occurred. However, in North Star Coal Co. v. Eddy, 277 A.2d 154 (Pa. 1971), the Pennsylvania Supreme Court determined that where a mortgage was executed in 1964, dissolution occurred in 1965, and payments were made on the mortgage through 1969, a foreclosure proceeding initiated four years after dissolution was considered a transaction "begun but not yet finished at the time of dissolution." Id. at 584-87. I find these facts comparable to the case at hand, as Budin's suit and this coverage action stem from the separation agreement executed in 2003—prior to dissolution.

Therefore, given Federal's burden of persuasion and resolving all doubts in favor of remand, I conclude that the transaction at issue was "begun but not yet finished at the time of dissolution." As a result, I further conclude that Wolf Block's partners at the time of dissolution are partners for the purpose of determining whether this Court possesses diversity jurisdiction in the instant case. As it is undisputed that Wolf Block's partners include citizens of New Jersey and because Federal is also a New Jersey citizen, there is no diversity. Consequently, this Court lacks jurisdiction, and I must remand the action to the Court of Common Pleas of Philadelphia County.[6]

---

[6] Federal also argues that a representative from Wolf Block told it that the firm currently has no partners and that it also took this position in certain filings with the Pennsylvania Department of State Corporation Bureau. In support, Federal attaches to its response a supportive affidavit and
*continued*

### B. Request for Costs

Wolf Block requests an award of its costs and expenses in moving for remand pursuant to 28 U.S.C. § 1447(c), as it contends that Federal "lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). While I find that that Federal's attempt at removal was incorrect, given Federal's understanding that Wolf Block had no partners, and its reliance on Wolf Block's assertion in the Complaint that it was a Pennsylvania resident, I do not find that removal was objectively unreasonable. (See Compl.; Doc. No. 8, §§ 4-5.) Therefore, I will deny Wolf Block's request for costs.

### IV. CONCLUSION

For the purposes of determining diversity of citizenship over the instant action, where the relevant transaction giving rise to this dispute had begun but had not yet concluded at the time of dissolution, we must consider the citizenship of Wolf Block's partners. When the parties' citizenships are analyzed through this lens, I find that both Wolf Block and Federal are citizens of New Jersey. Therefore, complete diversity does not exist, and Wolf Block's motion to remand will be granted.

Our Order follows.

---

the filings. (Doc. No. 10, Exs. A & B.) Even assuming that Wolf Block made these representations, they do not impact the above analysis. Regardless of what positions Wolf Block may have recently taken, for diversity purposes and regarding matters that existed prior to its dissolution, Wolf Block's partners are those that it had at the time of dissolution. Schiavone, 99 F.3d at 549. Furthermore, Wolf Block submitted a declaration with its reply brief explaining and disputing these allegations. (Doc. No. 18.) Because "all doubts should be resolved in favor of remand," Batoff, 977 F.2d at 851, in the war of battling declarations, I will accept the explanation filed on behalf of Wolf Block.